**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BYRON LYNN GAMBLE,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-443-A |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Byron Lynn Gamble, TDCJ-ID #1339931, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2004 Gamble was charged with aggravated robbery with a deadly weapon, to-wit: a

firearm, in the Criminal District Court Number Four of Tarrant County, Texas. (State Habeas R. at 56) A jury found Gamble guilty of the offense, and the trial court assessed his punishment at fifty-one years' confinement. (*Id.* at 58) Gamble appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Gamble v. Texas*, No. 2-05-457-CR (Tex. App.–Fort Worth Nov. 16, 2006); *Gamble v. Texas*, PDR No. 296-07. Gamble subsequently filed a state application for writ of habeas corpus, raising one or more of the issues presented, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Gamble*, Application No. WR-69,883-01, at cover. This federal petition for writ of habeas corpus followed.

### D. ISSUES

Gamble raises the following claims:

(1) The evidence was insufficient to support his conviction (grounds one and two);

(2) His conviction was obtained as a result of prosecutorial misconduct (ground three); and

(3) He received ineffective assistance of counsel on appeal (ground four). (Petition at 7-8)

### E. RULE 5 STATEMENT

Quarterman claims Gamble has failed to exhaust one or more of his claims. (Resp't Answer at 6) Notwithstanding Gamble's failure to fully exhaust his claims in state court as required by 28 U.S.C. § 2254(b)(1)(A), a court may deny his petition on the merits. 28 U.S.C. § 2254(b)(2).

F.  DISCUSSION

**1.  Legal Standard for Granting Habeas Corpus Relief**

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  28 U.S.C. § 2254(e)(1).  Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v.*

3

*Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.  The presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions.  *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001).  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits, which is entitled to the presumption of correctness.  *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. Sufficiency of the Evidence

Gamble claims the state failed to prove each element of the offense or present physical evidence to identify him as a party to the offense.  (Petition at 7; Pet'r Memorandum of Law at 2-5)  A factual insufficiency claim is not cognizable on federal habeas corpus review.  *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002).  In challenges to state convictions under § 2254, only the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), need be satisfied.  Under this standard, a federal court must consider whether, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt.  *Id.*  Direct and circumstantial evidence adduced at trial, as well as all inferences reasonably drawn from it, is viewed in the light most favorable to the verdict.  *See United States v. Sanchez,* 961 F.2d 1169, 1173 (5th Cir. 1992).  The jury is the final arbiter of the weight of the evidence and of the credibility of witnesses.  *United States v. Barksdale-Contreras,* 972 F.2d 111, 114 (5th Cir. 1992).

In Texas, a person commits the offense of aggravated robbery if, in the course of committing

theft and with intent to obtain or to maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death and uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(2) (Vernon 2003). A firearm is a deadly weapon. *Id.* § 1.07(a)(17)(A) (Vernon Supp. 2008). The evidence at trial reflected that on July 14, 2004, Gerald Marshall and another masked man forced their way into the apartment of James Burnett. They both wore latex gloves, and one wielded a handgun and the other a tire iron. The two dragged Burnett and Laura Wood, a friend of Burnett's who was also in the apartment, to the bathroom, told them to stay there, and began ransacking the apartment. Burnett opened the bathroom door to see what the two were doing, and the one with the gun stuck it through the door and told Burnett to keep the doors closed. Burnett again opened the bathroom door, and the one with the tire iron struck him several times with it. After locating a safe in the bedroom, which contained a collection of rare coins, the two ordered Burnett out of the bathroom at gunpoint and told him to open it. The two raked the contents of the safe into a pillowcase. Burnett rolled off the bed into his recliner, where he kept his own gun hidden between the cushion and the armrest. The two began hitting Burnett about the head and body with the butt of the gun and the tire iron. Burnett ran into the closet, turned and began shooting at the two. The robbers ran from the apartment, while Burnett followed, continuing to shoot. Marshall died from a gunshot wound at the scene, but the other robber, seen running across the pool area carrying something in his left arm, escaped in a blue, four-door car. Neither Burnett nor Wood were able to identify that robber from a photographic lineup. (Reporter's R., vol. 4, at 29-65, 105-20, 165-77, 235)

     Days later, a man on crutches and using Marshall's name, dropped Marshall's car, a blue, four-door Kia, at a body shop. The shop owner identified Gamble in court as the person who left

5

the car. On July 19, Gamble and Tremallory Furch, Gamble's brother, were arrested by the police when they attempted to sell the stolen coins to a coin dealer. The coin dealer identified Gamble in court after reviewing the security tape as the person who had possession of the stolen coins. Gamble told the arresting officer that he had gotten the coins from a friend who had died of a gunshot wound. Gamble also had wounds on his leg and foot and informed an officer at Tarrant County jail that he had been shot on July 14 and had not sought medical treatment for fear of being caught by the police. (Reporter's R, vol. 4, at 124-53, 210, 225, 230, 240-51; Reporter's R., vol. 5, at 20, 35, 64) On July 20, the owner of the body shop notified police that the car had been left and never picked up. The police found latex gloves, a tire iron and receipts in Burnett's name inside the vehicle. No blood was found in the vehicle. (Reporter's R., vol. 4, at 273-83)

On this record, there is ample evidence from which a jury could conclude or infer that Gamble was the person who committed the offense as charged in the affidavit. While it may be true that Gamble did not possess a firearm, as noted by the state appellate court, the state was able to prove this aggravating element under the law of parties. Under Texas law, a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2003). The evidence was sufficient to show that Gamble was the person who assisted Marshall in robbing Burnett and Wood at gunpoint and that Gamble was aware that Marshall possessed a gun. Although it was Marshall, not Gamble, who pointed the gun at Burnett and Wood, the two clearly acted together to promote or assist the commission of the offense. As a participant in the robbery, petitioner is criminally responsible for the gun used by his accomplice.

### 3. Prosecutorial Misconduct

The trial court admitted into evidence photographs of Gamble taken after his arrest, including photographs of injuries to his leg and foot, for the limited purpose of showing what Gamble's physical appearance was when he was brought to the Grand Prairie jail. (Reporter's R., vol. 4, at 213-26) The court also allowed the officer at the Tarrant County jail to testify regarding the injuries to Gamble's leg and foot and Gamble's statements that he had been shot on July 14 but did not seek medical treatment at the time for fear of being caught by the police. (Reporter's R., vol. 5, at 64) Gamble claims the state violated his due process rights and exceeded the bounds of the limiting instruction by making the following closing argument:

> July 14th, on the day that this all happened. You saw the pictures. What is that consistent with? Here on the thigh through the top of the foot. They're awful to look at. But what is it consistent with? We didn't show those pictures to James Burnett. He didn't see that. But what did he describe? I was at the top of the stairs shooting at the people who did this to me, shooting down at them.
> Look at those pictures. Divots where he was shooting, blood drops going down through the thigh and the foot. Consistent? Yes. Why? Because he's guilty. He did it. It's a terrible case. (*Id.* at 103)

According to Gamble, the argument misstates the evidence and misleads the jury as to the inferences it may draw because testing conducted on the DNA found on a bullet and blood drops recovered at the scene was that of Marshall, not him. (Pet'r Memorandum of Law at 7) A prosecutor's argument, by itself, is a constitutional violation in only the most egregious cases. *See Ortega v. McCotter,* 808 F.2d 406, 410 (5th Cir. 1987). A prosecutor's remarks do not present a claim of constitutional significance unless they were so prejudicial that the petitioner's state court trial was rendered fundamentally unfair within the meaning of the due process clause. There is such unfairness only if the prosecutor's remarks evince either persistent and pronounced misconduct or the evidence was so insubstantial that, in probability, but for the remarks no conviction would have

7

occurred. *See Jones v. Butler*, 864 F.2d 348, 356 (5th Cir. 1988). Prosecutorial comments are not considered in isolation, but are evaluated in the context of the entire trial as a whole including the prosecutor's entire closing argument. *See Kirkpatrick v. Blackburn,* 777 F.2d 272, 281 (5th Cir. 1985).

The state habeas court determined that Gamble had failed to prove the state's argument regarding the photographs was in violation of the court's limiting instruction or otherwise improper. Instead, as a matter of Texas law, the state court concluded the argument was permissible as a reasonable deduction from the evidence. (State Habeas R. at 49). The state court's determination of the issue is not contrary to, or involve an unreasonable application of, clearly established federal law, or unreasonable in light of the evidence presented in the state court. *See Buxton v. Collins,* 925 F.2d 816, 825 (5th Cir. 1991) (recognizing that prosecutor may summarize and draw reasonable inferences from evidence during closing argument). Moreover, the prosecutor's argument was not so prejudicial as to present error of constitutional magnitude.

### 4. Ineffective Assistance of Counsel

Gamble claims appellate counsel was ineffective by failing to raise stronger issues on appeal instead of issues with no significant merit. (Pet'r Memorandum of Law at 7-9) Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000); *Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003). It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). A petitioner must show that appellate counsel's failure to raise an issue worked to his prejudice–i.e., that but for counsel's error he would have prevailed on his appeal. *Sharp v. Puckett*, 930 F.2d 450,

453 (5th Cir. 1991). As determined by the state habeas court, Gamble has not satisfied this requirement. He has identified no potentially meritorious points of error that his appellate counsel could or should have included as a part of his appellate brief. Thus, it follows, that counsel was not ineffective for failing to raise the issues on appeal. Prejudice does not result from appellate counsel's failure to assert meritless claims or arguments. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

### 5. Evidentiary Hearing

Gamble requests an evidentiary hearing so as to determine controverted and previously unresolved issues of fact material to his confinement. The Texas Court of Criminal Appeals denied Gamble's state habeas application without a hearing or written order on the findings of the trial court. This ruling constitutes an adjudication of Gamble's claims and is entitled to the presumption of correctness. *See Bledsue v. Johnson*, 188 F.3d 250, 257 (5th Cir.1999); *Ex parte Torres*, 943 S.W.2d at 472. Moreover, if a petitioner has failed to develop the factual basis for a claim in state court, a federal habeas court shall not conduct an evidentiary hearing on the claim unless the claim relies on a new rule of constitutional law that was previously unavailable or on a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts would be sufficient to establish by clear and convincing evidence the petitioner's actual innocence. 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 434-37 (2000). Gamble has not met this burden; thus, an evidentiary hearing is not warranted.

## II. RECOMMENDATION

Gamble's petition for writ of habeas corpus should be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 7, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 7, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 16, 2009.

    /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

11