IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 2 2009

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

| | |
|---|---|
| BYRON LYNN GAMBLE, | § |
| Applicant, | § |
| VS. | § NO. 4:08-CV-443-A |
| RICK THALER,[1] Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § |
| Respondent. | § |

O R D E R

Came on for consideration the above-captioned action wherein Byron Lynn Gamble ("Gamble") is applicant and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[2] On June 16, 2009, United States Magistrate Judge Charles Bleil issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered parties to file objections, if any thereto, by July 7, 2009. Gamble timely filed his objections. Respondent has not made any further response.

---

[1] The court has been informed that Rick Thaler has succeeded Nathaniel Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Therefore, Rick Thaler is automatically substituted for Nathaniel Quarterman as a party to this action. See Fed. R. Civ. P. 25(d).

[2] The title of the document filed by Gamble was "Petition for Writ of Habeas Corpus by a Person in State Custody," and Gamble referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed as an "application" and is referring to Gamble as "Gamble" or "applicant."

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

As characterized by the Magistrate Judge, Gamble asserts the following grounds for relief in his application: (1) the evidence presented at trial was insufficient to support his conviction; (2) his conviction was obtained as a result of prosecutorial misconduct; and (3) he received ineffective assistance of counsel. <u>See</u> FC&R at 2. Gamble also requests an evidentiary hearing. In the FC&R, the Magistrate Judge noted that Gamble may have failed to exhaust one or more of his claims in state court, but recommended that Gamble's application be denied on the merits. <u>See</u> <u>id.</u> The Magistrate likewise denied Gamble's request for an evidentiary hearing.

In his objections, Gamble disagrees with the Magistrate Judge's conclusions with respect to each of his three claims, but his stated grounds for disagreement merely reargue the grounds advanced in his application. The court need not address such nonspecific objections. <u>See</u> <u>Battle</u>, 834 F.2d at 421. Additionally, Gamble raised no objection to the Magistrate

2

Judge's denial of his request for an evidentiary hearing. Accordingly, his claim that a hearing is warranted is waived.

Therefore,

The court accepts the recommendation of the Magistrate Judge and ORDERS that Gamble's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED October 2, 2009.

_____
JOHN McBRYDE
United States District Judge